EMIL BAUER, Respondent, v. JEFF D. COUNTS,
Appellant.

St. Louis Court of Appeals, April 3, 1917.

1. **EXECUTIONS: Right of Set-off: Assigned Judgment.** Executions
are "between the same parties," within section 1875, R. S. 1909,
allowing executions between the same parties to be set off one
against another, although the execution sought to be used as a
set-off is issued on an assigned judgment.

2. ———: ———: Exemptions. The right to set off execution against
execution, pursuant to sections 1875, 1876 and 1877, R. S. 1909, is
not subordinate to the right of exemptions from execution; fol-
lowing Caldwell v. Ryan, 210 Mo. 1. c. 28.

Appeal from St. François Circuit Court.—*Hon. Peter
H. Huck*, Judge.

REVERSED AND REMANDED (*with directions*).

*B. H. Boyer* for appellant.

The executions should have been set off against one
another. Caldwell v. Ryan, 210 Mo. 28, 29, and 31; Secs.
1876, 2158 and 2156, 7527, R. S. 1909.

*Edward A. Rozier* for respondent.

(1) Sections 1875, 1876 and 1877, Revised Statutes
of Missouri, expressly limit the power of the sheriff to
only set off mutual judgments; that is, judgments between
the same parties. Haseltine v. Thrasher, 65 Mo. App.
33; Caldwell v. Ryan, 210 Mo. 17; Sec. 1875, R. S. 1909;
Bauer v. Teasdale, 25 Mo. App. 25. (2) The judgment's
in this case are not mutual. See cases cited under point
1. (3) The right to set off executions is entirely cov-
ered by statute, but by analogy the general doctrine
of set off may be applied; and it is there universally
held that a set off can only be made of a demand exist-
ing and owned by the defendant at the time of the com-

mencement of the action in which the set off is sought to be interposed; and claims acquired by defendant against plaintiff after the commencement of the action cannot be interposed by defendant as a set off against plaintiff's demand nor can such claims be availed of by way of a counterclaim, nor in satisfaction of plaintiff's cause of action. Goza v. Sanford, 79 Mo. App. 95; Todd v. Cautsinger, 30 Mo. App. 145; Smith v. Spengler, 83 Mo. App. 412; Bauer v. Teasdale, 25 Mo. App. 25. (4) It will be noted that by section 1875, Revised Statutes, 1909, "executions between the same parties may be set off, one against another." In this case it is manifest that the executions are not between the same parties. (5) Counts deliberately sought to use the money that he owed Bauer's creditors the amounts they claimed against Bauer and such transactions cannot be justified either under the statutes or under the law. Bauer v. Teasdale, 25 Mo. App. 25. (6) An examination of the case of Caldwell v. Ryan, 210 Mo. 17, so much relied upon by appellant, discloses that the judgments set off in that case was wherein Caldwell was plaintiff and Ryan defendant in one judgment, and Ryan plaintiff and Caldwell defendant in the other judgment; hence coming precisely within the designation provided in section 1875, R. S. 1909. (7) The question of exemption is not directly involved, nor is that of common honesty, but solely the construction of the statutes, and if only mutual judgments can be set off, then Bauer, as the head of a family, has the right to three hundred dollars worth of property, to be selected by him; and he has chosen this property, viz: the judgment.

BECKER, J.—This is an appeal from the action of the circuit court of St. Francois county, Missouri, in overruling defendant's motion to quash the execution issued in this cause, and in rendering judgment against defendant.

The motion to quash was submitted to the court for determination upon an agreed statement of facts. Emil Bauer, plaintiff below and respondent here, obtained

judgment in the St. Francois county circuit court against Jeff D. Counts, defendant below and appellant here, for $125 and costs, on June 2, 1911. Said Bauer is the head of a family and claims that his property right in this judgment is exempt from execution. Execution also alias and pluries executions were issued on this judgment out of the said circuit court and returnable to various terms ehereof. Under the pluries execution issued in April, 1914, and returnable to the May term of said year, the sheriff levied upon and advertised for sale certain real estate of the defendant, Jeff-D. Counts.

Prior to this levy and while the said pluries execution was in the hands of the sheriff of St. Francois county, the defendant having prevously purchased three judgments against respondent, which judgments aggregated a sum in excess of the amount of the judgment held by said plaintiff against said defendant, the said defendant caused executions to be issued upon the said several assigned judgments. These executions were delivered to the same sheriff who held the execution against defendant, with the request that the amount of defendant's assigned judgments, as evidenced by said executions, be set off against the plaintiff's judgment execution against defendant. Defendant at the same time paid the sheriff the costs accrued on the executions.

The sheriff refused to make the set offs as requested and forthwith proceeded to levy upon the property of said Counts. Thereupon appellant filed his motion to quash the execution.

By stipulation the appellant paid to the clerk of the circuit court the sum of $146.20, being the amount agreed upon by the parties hereto as being due under the execution in the cause, said sum to be held by the clerk and paid to the plaintiff or defendant as the final judgment of the court should direct. The court overruled defendant's motion to quash the execution and rendered judgment against him, from which defendant appeals.

The substantial question at issue under said motion to quash is whether the defendant has the right to have the three said judgments purchased by him offset against

plaintiff's judgment, and whether sections 1875-6-7 of the Revised Statutes of Missouri, 1909, authorize and permit the setting off of said three judgments held and owned by defendant against the judgment that plaintiff has against defendant. In other words, can B have set off of his execution against A, as against A's execution against B, where B's execution is founded on a judgment of C against A but which judgment C has for value assigned to B?

Our statutes provide that execution on an assigned judgment shall issue in the name of the original plaintiff, but that such execution shall be endorsed by the clerk or justice to be for the use of the assignee. . [Section 2158, Revised Statutes of Missouri, 1909.]

. The agreed statement of facts shows the judgments were properly assigned to defendant and the executions thereon placed in the hands of the sheriff, which executions ran in the names of the respective judgment creditors for the use and benefit of said defendant.

Section 1875, Revised Statutes of Missouri, 1909. "*Executions may be set off*.—Executions between the same parties may be set off one against another, if required by either party, in the manner prescribed in the following section."

Section 1876. "*Officer, how to proceed upon delivery of execution to him*.—When any one of the executions is delivered to an officer to be served, the person who is the debtor therein may deliver his execution to the same officer, whether the second execution is directed to the same or to some other officer, and the officer shall apply it, as far as it will extend, to the satisfaction of the first execution: or, if such first execution shall be the smaller in amount, then to its entire satisfaction, and endorse on such execution the fact of such application; and the balance due on the larger execution may be collected and paid in the same manner as if there had been no set off."

Then follows section 1877, which sets forth in what instances set offs shall not be allowed.

The language of section 1875 is plain and clear, it says: "Executions *between the same parties*" may be

set off. Are not the executions in the instant case "between the same parties"? The statute does not require, as does section 1874 pertaining to setting off cross judgments, that it shall apply "to final judgments in causes *in which the parties are reversed."* (Italics ours) As was said in Caldwell v. Ryan, 210 Mo. l. c. 28, S. W. 533:

"In Missouri the right of set-off is given by statute and the procedure to enforce it is also prescribed by statute and the courts have authority only to enforce the law as it is written."

In Johnson v. Hall, 84 Mo. 211, we find a state of facts somewhat similar to the present case. One Carter brought suit by attachment for rent against Hall. On plea in abatement the issue was found in favor of Hall, but Carter obtained judgment against Hall on a trial on the merits. Hall then sued Johnson and Dowell as sureties on Carter's attachment bond, to recover damages for the breach thereof, and obtained judgment. Carter meanwhile had execution issued on his judgment but the judgment was not satisfied as Hall claimed the property levied on as exempt. Carter then assigned his judgment against Hall to Johnson and Dowell, against whom Hall already had a judgment. Johnson and Dowell filed their motion asking the court to set-off against Hall's judgment the judgment assigned to them by Carter, which the court refused to do. On appeal respondent Hall contended that "he might hold his judgment against appellants as exempt that, therefore such judgment is not subject to any set off, *especially if founded on a judgment assigned for such use, as in this case."* (Italics ours) It was held set-off should have been allowed and that respondent could not hold his judgment against appellant as exempt.

We are of the opinion, and so hold, that the executions in the case before us. are "between the same parties," though the executions of appellant are issued on assigned judgments and that the executions can be set off under section 1875, Revised Statutes of Missouri, 1909.

The contention that respondent can claim his judgment against appellant as exempt is no longer open to argument. The majority opinion in the case of Caldwell v. Ryan, 210 Mo. 17, 108 S. W. 533, clearly holds that "the right to set-off is not subordinate to the right of exemption from execution," and expressly overrules the various cases of the several courts of appeal, on that point, which holds to the contrary.

The judgment is accordingly reversed and the cause remanded with directions to the circuit court to set aside and vacate the levy upon defendant's property under plaintiff's execution, and that the court enter an order awarding to defendant the moneys deposited by him with the clerk as aforesaid, to the end that defendant's executions may be set-off against plaintiff's execution, in accordance with the views hereabove expressed. *Reynolds, P J.* and *Allen, J.,* concur.